JOSEPH W. CLEARY, Respondent, *v.* CONRAD V. DYKEMAN, Appellant.

*Witness — credibility — bills and notes — real party in interest.*

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on the 2d day of January, 1913, upon a verdict directed by the court.

Judgment affirmed, with costs, on opinion of Lehman, J., at Trial Term. Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.

The following is the opinion delivered at Trial Term:

LEHMAN, J.: The defendant Dykeman is sued upon a note made and executed by him. This note is a renewal note of an earlier note. The defendant claims that at the time when he made the original note he had been induced by one Kaufman Simon to purchase a very considerable proportion of the stock of a mining company controlled by Simon, and that he executed the note for Simon's accommodation to the order of the mining company. It is undisputed that the note was discounted by Simon in the Edgewater National Bank, and that the Edgewater National Bank had a title free from any possible defense that the note was made only for the accommodation of any party. The Edgewater Bank, having a title to the note free from all defenses, could transfer its title to any other party, even after maturity, and even though the assignee had knowledge of such defenses. The party suing upon the note as the assignee of the

bank could enforce the note by virtue of the title received from the bank. The defense that the note was made for the accommodation of Simon, therefore, fails unless the note is the property of Simon, who, of course, could not enforce it as against a party who made the note only for his accommodation. The suit is, however, brought not by Simon, but by one Cleary, who bought the note after maturity from the bank with a check furnished by one Clegg, and at Clegg's request. *Prima facie* Clegg is the real owner of the note and entitled to enforce payment from the maker. The defendant, therefore, to establish his defense, is bound to produce some evidence to show that Clegg is only an agent or dummy for Simon. The only evidence produced upon this point is the testimony of Clegg himself and the record of Clegg's bank account. Clegg testified in effect that Simon was a friend to whom he was under considerable personal obligations; that Simon said that he did not wish to take up the note from the bank himself, as it would embarrass him to be obliged to sue one of the directors of his mining company, and Simon, therefore, requested the witness to take up the note. The witness complied with this request through Cleary and furnished Cleary with his own check. He further testified that Simon did not furnish him with the money, but that he drew the money from his own account, and that Simon had not promised to indemnify him in any way. Clegg's bank account shows that immediately before he drew this check he deposited a slightly larger sum in cash. Clegg claims this deposit was made up of cash received from rents and various other sources, but his bank account shows that at no previous time had he ever deposited such a large amount in cash. Clegg was of course an interested witness, and though produced by the defendant, he was an adverse witness. I do not think that the defendant is, therefore, actually bound by his testimony, and the question of the credibility of his testimony is a question for the jury. The jury would be entirely justified in refusing to credit his testimony, but since his testimony is the only testimony produced by the defendant, the defendant is in the unfortunate dilemma that if the testimony is true it affirmatively establishes that Clegg is the real plaintiff, and if false, then there is no testimony remaining to rebut the plaintiff's *prima facie* case. The defendant is bound to produce evidence which will justify the inference that Simon is the real plaintiff; and evidence that justified merely a suspicion is insufficient. Nevertheless, since it is clear that such a suspicion is justified, I have carefully examined Clegg's testimony to seek out whether, by disregarding those portions favorable to himself and regarding as credible only those portions which are favorable to defendant, any facts remain which justify the inference that Clegg is Simon's dummy. For this purpose I have accepted as true that Clegg was a close friend of Simon; that he took up the note in suit at Simon's request; that the bank received payment by a check drawn on Clegg's account; that for the purpose of meeting this check Clegg deposited a slightly larger amount of cash in his account, and that the deposit of such a large amount in cash was unprecedented. In considering the inferences that may be drawn from this testimony it must be remembered that the ques-

tion in the case is not whether Simon induced Clegg to take up the note to avoid the interposition of the defense that the defendant was an accommodation maker, but is whether the plaintiff is in fact representing him and not Clegg. None of the facts testified to is in any way inconsistent with the view that Clegg did take up the note individually and is the person directly interested in a recovery, even though he was induced to come into the case out of friendship to Simon and to help Simon out of an embarrassing situation, unless there is also some evidence that Simon furnished him with the money to take up the note or is in some way directly behind the suit. The defendant contends that this proof is furnished by the improbability of Clegg's story that the amount of cash deposited to meet this check came to him from his ordinary business. Conceding that this story is improbable, I still think that a finding that Simon furnished this money would rest only in conjecture, and is not an inference which can be drawn from the evidence. I, therefore, find no question to submit to the jury and the motion to set aside the direction of a verdict must be denied. Thirty days' stay of execution and sixty days to make a case.